| iQRTIQUE, Justice,
dissenting.
I respectfully dissent from the majority opinion as in my view, the trial court was not clearly wrong in rendering judgment in favor of plaintiff. A careful review of the record in this case reveals that the testimony of each of the medical experts who testified was fraught with inconsistencies as their trial testimony often conflicted with their deposition testimony and their direct testimony conflicted with their testimony on cross examination. The trial court having heard conflicting testimony, which at times was internally inconsistent, made a credibility determination to accept portions of the testimony of the various expert witnesses and reject other portions of the testimony of those same witnesses. As a result, the trial court correctly concluded that the plaintiff met his burden of proof and rendered judgment accordingly.
The jurisprudence recognizing the fundamental right, duty and privilege of the trial court to evaluate inconsistent testimony is so voluminous that citation is unnecessary. This same jurisprudence unhesitatingly opines that the trial court is in a superior position to discern the oughtness of the testimony.
We have consistently held that where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. |2In this case, several permissible views of the evidence were presented, therefore, the fact finder’s choice among them cannot be clearly wrong nor manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La. 1989).